IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID BRENT OLSON**,

    Plaintiff,

vs.                                                                    No. 13cv813 KBM

**STATE OF NEW MEXICO;**
**COUNTY OF BERNALILLO;**
**DOE DEFENDANTS 1-48**,

    Defendants.

### ORDER GRANTING PERMISSION TO PROCEED IFP
### AND REQUIRING PLAINTIFF TO AMEND COMPLAINT

THIS MATTER comes before me on pro se Plaintiff David Brent Olson's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed August 28, 2013 (Doc. 3) (hereinafter "motion to proceed IFP"). In reviewing the application, the Court has an obligation "to review the affidavit and screen [Olson's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is now mandatory).

In screening the complaint, the Court resolves the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

> In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." *Alvarado v. KOB–TV, L.L.C.*, No. 06–2001, 493 F.3d 1210, 1215 (10th Cir.2007). In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1215 n. 2. Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).
>
> "In addition, we must construe a pro se appellant's complaint liberally." *Gaines*, 292 F.3d at 1224. This liberal treatment is not without limits, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted).

*Id.* at 1218.

### I. Allegations in the Complaint

Olson, who appears to meet the indigency requirement for proceeding IFP, attempts to invoke the subject-matter jurisdiction of this Court by bringing suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3).  *See* Compl. at 2.  Olson has previously unsuccessfully attempted to remove divorce/child custody/domestic-violence proceedings from the state courts to this Court.  *See Olson v. State of N.M.*, No. 10cv633 JP/KBM, Doc. 4 (D.N.M. July 28, 2010) (denying IFP and dismissing complaint).  In the case at bar, he states that he is still proceeding pro se as a respondent in state children's court in parental-termination/adoption proceedings, but that the children's court is denying "access to the Court record/case file needed to be researched in order to defend myself and my children;" and that it is denying him "the right to file pleadings in said

defense/response" Compl. at 2. He states that the "court clerks, administrators, security, [and] judges" have blocked or denied access to the state courthouse, the clerk's office, the court records, and denied him access to file pleadings while acting pro se as a Respondent in the proceedings." *Id.* at 3. He states that, on an unidentified date, he was "forced out of the clerk's office when attempting to access case files and file pleadings with no provocation . . . or reasons given other than 'pro se respondents cannot view case files, only lawyers may.'" *Id.* at 4. He states that, "after filing 2 pretrial motions [he] was barred from filing a third and told, 'you're done. you can't file any more motions.'" *Id.* He does not state who said that to him. He seeks an order "remeding [sic] complaints" and monetary damages. *Id.* at 6. Although Olson states that he is going to amend his Complaint after he discovers the identity of the Doe defendants, he has not done so.

**II. Olson must amend his Complaint.**

I conclude that Olson has stated enough facts to state a cognizable federal claim for violation of his constitutional rights, and, therefore, to be permitted to proceed IFP. I note, however, that Olson has already correctly been told that he cannot sue the State under § 1983 because it is immune from suit under the Eleventh Amendment, thus the Complaint must be amended to delete the State as a Defendant. *See Olson*, No. 10cv633, Doc. 4 at 2-3. I further note that the Complaint states no facts to support any claim against Bernalillo County, so that entity also must be deleted as a Defendant. *See Kay*, 500 F.3d at 1218. Olson may sue, however, the clerk of the court – or the clerk's office employee who is refusing to permit him access to his case files or to file motions in that case – in her/his official capacity for injunctive relief. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that an individual seeking only prospective

injunctive relief for ongoing violations of federal law may bring suit against state officials in federal court); *Verizon Maryland, Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Young* avoids an Eleventh Amendment bar [to suit against state officers sued in their official capacities], a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (internal quotation marks omitted). And Olson may bring suit against the court clerk in his/her personal capacity for monetary damages for violating his First-Amendment right to access the Courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351-53 & n. 3 & 4 (1996) (noting that a cognizable harm giving rise to standing arises not only when a claim is lost or rejected on account of the defendant's misconduct in denying access to the courts, but also when the plaintiff's efforts to pursue a claim are impeded); *Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir.1992) ("Any deliberate impediment to access [to the courts], even a delay of access, may constitute a constitutional deprivation"). But he cannot recover monetary damages from the State or its courts. Therefore, Olson must amend his Complaint to name as Defendants the court clerk or the specific employees who are allegedly blocking his access to the state court. He should also give more factual detail in his allegations so that the Defendant may ascertain when the alleged constitutional violations occurred.

   I note that federal courts are extremely reluctant to interfere or intervene in ongoing state-court proceedings and are generally barred from doing so under the Anti-Injunction Act and the *Younger* abstention doctrine. Further, the state's Supreme Court, which has supervisory authority over all of the state's lower courts and their administrative employees, is the court that Olson should turn to in requesting mandamus relief that would require the state-court clerks to

4

follow the law and the rules of state civil procedure.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986) ("[w]e have no authority to issue [] a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties"); *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge."), *abrogated in part on other grounds* as noted in *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).   For injunctive relief under § 1983 to be granted "against a judicial officer for an act or omission taken in such officer's judicial capacity," Olson must allege facts showing that "declaratory relief was unavailable."  42 U.S.C. § 1983; *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (noting that injunctive relief against a state-court judge cannot be granted under § 1983 unless the condition showing that declaratory relief is unavailable is satisfied).

    **IT IS ORDERED** that Olson's motion to proceed IFP [Doc. 3] is granted; and

    **IT IS FURTHER ORDERED** that Olson must amend his Complaint as set forth above before the Court will issue an order for service of process on his behalf.

_____
CHIEF MAGISTRATE JUDGE