IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BRENT OLSON,

        Plaintiff,

v.                                          CIV 13-0813 KG/KBM

STATE OF NEW MEXICO, *et al.,*

        Defendants.

### ORDER OF DISMISSAL

This matter is before the court *sua sponte* to consider Plaintiff's failure to respond to the Court's order entered January 23, 2014, which required that he show cause by formal response filed with the Clerk of the Court no later than February 7, 2014, why this litigation should not be dismissed without prejudice for failure to prosecute. Because Plaintiff has not responded, I find a manifest lack of interest in litigating his claims.

As previously noted, the Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-302 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order

of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

Wherefore,

**IT IS HEREBY ORDERED THAT** Plaintiff's complaint is DISMISSED without prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE